

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00369-CR

VAL WAYNE WILLIAMS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 46th District Court
Hardeman County, Texas
Trial Court No. 4226, Honorable Dan Mike Bird, Presiding

December 12, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant Val Wayne Williams appeals his conviction for evading arrest or detention with a vehicle. He was sentenced on March 13, 2013.[1] Appellant filed his notice of appeal on October 9, 2013. Therefore, the notice appeared to be late. This circumstance was brought to the attention of appellant and opportunity was granted him

---

[1] We note that the appellate record contains two separate judgments concerning the matter on appeal. One judgment is dated February 27, 2013 and imposed sentence on that date; and the second judgment dated March 13, 2013 also imposed sentence on the same day. We, further, note that a motion for new trial was filed on March 8, 2013 and the indictment was amended on March 13, 2013. The judgment entered on March 13, 2013 was the result of a plea bargain.

to show why we have jurisdiction.  He was also afforded the opportunity to file with the court, a trial court certification showing he had the right to appeal as the one on file showed the matter was the result of a plea bargain, and therefore he had no right to appeal.  Appellant filed a response addressing the trial court certification and requested appointed counsel but failed to address the late notice of appeal.

To be timely, a notice of appeal must be filed within thirty days after the sentence is imposed or suspended in open court or within ninety days after that date if a motion for new trial is filed.  TEX. R. APP. P. 26.2(a).  Appellant did file a motion for new trial; therefore, the deadline for perfecting an appeal here lapsed in June of 2013.  Again, the notice at bar was not filed until October of 2013.

A timely filed notice of appeal is essential to invoke our appellate jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  If it is untimely, we can take no action other than to dismiss the proceeding.  *Id.* at 523.  Appellant's notice being untimely filed, we have no jurisdiction over the matter and dismiss the appeal.

Accordingly, appellant's appeal is dismissed.


Per Curiam


Do not publish.